07-02-0212-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 13, 2002

_____

IN RE JOHANSON LEE WATSON,

Relator

_____

***ORIGINAL PROCEEDING***

_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Johanson Lee Watson petitions the court for a writ of mandamus asking that we either correct, reverse, or vacate the judgment of conviction allegedly entered in cause number 9480, Wilbarger County, Texas or dismiss said cause. Furthermore, he believes himself entitled to same because the trial court "never found [him] guilty of the indictment 9480, in open court . . . ." We deny the petition.

Mandamus issues to correct error when there is no adequate remedy by law. *In re Nolo Press/Folk Law Inc.*, 991 S.W.2d 768, 776 (Tex. 1999). Given that he questions the legitimacy of his final felony conviction, the statutory remedy of habeas corpus is an avenue available to him. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2002) (discussing that remedy). Indeed, the document he filed with us indicates that such a

proceeding was filed and apparently pends for disposition.[1]  Having a legal remedy available to him, Watson has not satisfied the prerequisites for obtaining a writ of mandamus.  Accordingly, the writ is denied.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (holding that since the applicant's attempt to vacate his felony conviction could be reviewed through an habeas proceeding initiated under art. 11.07 of the Code of Criminal Procedure, mandamus could not issue).

Brian Quinn
Justice

Do not publish.

---

[1] Watson does not discuss the status of the habeas proceeding he initiated in Wilbarger County encompassing the very same issue brought to us.  Nor does he ask us to direct the trial court to act in any manner, assuming that proceeding is pending.

2